## Jason Bitensky, d.b.a. The Village Nook v. Donald C. Hicks et als

[184 A.2d 216]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 4, 1962

*Stephen H. Gilman* and *John P. Morrissey* for the plaintiff.

*Reuben Levin* for the defendants.

**Shangraw, J.**   The plaintiffs, merchants and business men, bring their bill seeking to enjoin the defendants from putting into effect a parking regulation made by the trustees of the Village of Bennington. The regulation provided that parallel parking only should be permitted in the parking-meter zone on the northerly and southerly sides of East Main and West Main Streets in the village.   The case comes here on the overruling of the defendant's demurrer to the plaintiff's bill by the chancellor below.   By overruling the demurrer, the chan-

cellor, in effect, ruled that the trustees did not have the power to make the regulation they did.

If the trustees had the power to make the regulation in question, the plaintiffs have no basis for complaint, and the chancellor was in error. We look, therefore, to see from what sources, if any, the trustees may derive authority for their action. Immediately 23 V.S.A §1008 is for consideration.

The above section is headed "Traffic regulations in municipalities —Generally." This statute in part reads as follows:

> "The selectmen of a town, the trustees of an incorporated village and the aldermen or city council of a city may make special regulations as to the operation, use and parking of motor vehicles, as to traffic lights, as to stop signs at intersections, as to no-passing zones, and as to streets designated for one-way traffic in the thickly settled portions of their respective municipalities, but signs indicating such special regulations must be conspicuously posted in and near all areas affected thereby, . . ."

█ The plaintiffs urge that because the section uses the expression "special regulations" the statute must be taken to authorize only action by the trustees which is temporary in nature and designed merely for "special occasions." This indeed was the view taken by the chancellor and he predicated his holding on this interpretation. We are not persuaded by the soundness of this view. A "special regulation" may be such as much as to place as to time. The word "special" imports a reference to conditions and not to time merely. This is exactly the basis on which the trustees were operating. They made a "special regulation" because, as they saw it, conditions at the particular place in question in the business district demanded it.

But, the plaintiffs contend, the legislature could not have intended that the statute be read in this way because by certain special enactments, §44 of No. 226 of the Acts of 1884 as amended by No. 189 of the Acts of 1923, and No. 166 of the Acts of 1925, it had provided in the village charter that the village, (as distinguished from the trustees) should have the power to make traffic regulations with respect to parking. Such assumption denies to the legislature the right to provide cumulative and concurrent methods of meeting a given problem. The village, in fact, has never sought to control parking by virtue of these charter provisions.

We do not have a situation presented to us in which it can be argued that repugnant regulations are coexisting. Certainly it can be said that the village has never attempted to preempt this particular area of traffic regulation, assuming it could do so. This being so, we will not go further at this time than to hold that the regulation as made by the trustees is not under the circumstances without authority.

It follows that the chancellor was in error in overruling the defendant's demurrer. The complaint, as it stood, was insufficient.

*The order overruling the defendant's demurrer is reversed. The bill is adjudged insufficient and dismissed. The temporary restraining order issued in this case is dissolved. Judgment for the defendants to recover their costs. Let entry go down.*